**Agrapine M. COLLINS et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 12124.

United States Court of Appeals Seventh Circuit.

April 15, 1958.

Michael D. Preston, Milwaukee, Wis., for appellants.

Edward G. Minor, U. S. Atty., Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

DUFFY, Chief Judge.

On August 1, 1943, the United States Government issued to Lt. William Collins, a National Service Life Insurance policy in the sum of $10,000.00. His wife, Agrapine M. Collins, was named as principal beneficiary therein. Lt. Collins was discharged from the service on March 23, 1946. On April 1, 1946, upon application of the insured, the amount of his policy was reduced to $5,000.00. Based on an application bearing date of February 1, 1947, Collins applied for reinstatement of the $5,000.00, paying the required two months' premiums. He continued paying the full amount of premiums based upon a $10,000.00 policy, until the month of April, 1948, when he died. His death was the result of carcinoma of the rectum.

When Collins made application for the reinstatement of the $5,000.00 portion of his life insurance policy, he signed a form which contained several questions. The

form, with the answers which Collins gave to the questions, was as follows:

"As a condition to the reinstatement of this insurance, I do certify that the answers to the following questions are complete and true, to the best of my knowledge and belief;

"1. Are you now in as good health as you were on the due date of the first premium in default? (Answer "yes" or "no.") Yes.

"2. Have you been ill, or suffered or contracted any disease, injury or infirmity, or been prevented by reason of ill health from attending your usual occupation, or consulted a physician, surgeon or other practitioner for medical advice or treatment at home, hospital or elsewhere, in regard to your health, since lapse of this insurance? (Answer "yes" or "no.") No.

3. Have you ever applied for disability compensation, retirement pay or pension? (Answer "yes" or "no.") Yes.

"If 'yes,' give claim number. C 11180572."

The application for reinstatement was approved by the Veterans' Administration, Insurance Division, without any further medical examination or investigation.

The case was tried to a jury. The Government's motion for a directed verdict was denied. The issues were submitted to the jury upon a special verdict. By this verdict, the jury found that Collins did make a false representation or statement in his application for reinstatement of his National Life Insurance Policy. The jury further found that such false statements did not relate to material facts; that such statements were made without Collins' knowing of their falsity; and that there was no intention upon the part of Collins to deceive the United States. The jury also found that the United States did rely upon such false statements.

Based upon the verdict of the jury, the Court ordered that judgment be entered in favor of the plaintiff in the amount of $4,904.10. Thereafter, the defendant made a motion for judgment notwithstanding the verdict, and after listening to arguments by counsel, the District Court ordered that the judgment theretofore entered in favor of the plaintiff be vacated and set aside, and that a judgment be entered for the defendant dismissing the complaint.

■ Title 38 U.S.C.A. § 802(w) provides that a policy of National Service Life Insurance shall be incontestable from the date of issue or reinstatement except for fraud, and two other grounds not here applicable. It has been established that in order to void a National Life Insurance policy for fraud, the evidence must show the insured made 1) a false representation; 2) in reference to a material fact; 3) made with knowledge of its falsity; 4) with the intent to deceive; and 5) with action taken in reliance upon the representation. Pence v. United States, 316 U.S. 332, 338, 62 S.Ct. 1080, 86 L.Ed. 1510; Cardwell v. United States, 5 Cir., 186 F.2d 382, 384.

While visiting relatives in Milwaukee, Wisconsin, on August 15, 1946, Collins prepared and presented an application to the Veterans' Administration for pension or compensation for disability resulting from his service in the armed forces. The nature of his trouble was listed as "stomach condition—(possible ulcers of the stomach or gall-bladder condition) started in February 20, 1946." The Veterans' Administration assigned this application Claim No. C 11180572. Later, the Veterans' Administration denied any benefits or relief based on this application.

■ In January, 1947, Collins and his wife were residing in Arlington, Virginia. About the middle of that month, insured and his wife prepared an application for reinstatement of the $5,000.00 of his insurance which had previously been dropped. The statute required that the application must be accompanied by two monthly premium payments, one for

the preceding month, and one for the month when the policy would be issued. Collins and his wife conceived the idea that they could save one month's premium by holding up the mailing of the application until February 1, 1947. · It seems clear that in the middle of January, 1947, when the application actually was prepared, Collins was at his home and was not under a doctor's care. In fact, it is undeniably true that on that date all answers to the questions in the application for reinstatement were true.

On January 28, 1947, Collins made application for hospital care, and was admitted to nearby Bethesda Naval Hospital on January 29, 1947, where he remained until February 26, 1947. The first diagnosis made at that hospital was peptic ulcer. However, further tests disclosed he did not have an ulcer or gallbladder trouble, and the diagnosis was changed to jaundice, acute infectious. The jaundice disappeared prior to February 26, 1947, and on that date Collins was discharged from the hospital apparently with a clean bill of health, suffering from no disability or disease.

The District Court placed great emphasis on the fact that on February 1, 1947, the date appearing on the application, Collins was in a hospital, and concluded that this fact showed Collins, as a matter of law, attempted to deceive the Government. We do not agree. The jury was entitled to believe that the actual date of the application was the middle of January, 1947, and that Collins' stay at the Naval Hospital did not amount to a material fact since he was there for an examination and received no treatment except for being placed on a diet. Furthermore, it is difficult to believe that Collins was trying to conceal from the Government the fact that he was confined in a Government hospital. A more reasonable inference is that it never occurred to Collins that, having dated the application ahead to February 1, he must be on the alert, and to make a special report to the Government that he was in a Government hospital.

It is true that, from time to time, Collins thought there was something wrong with him, and that he had some kind of a disability. However, the Government doctors seemed to take the contrary view. As late as December, 1947, Collins again sought assistance from the Veterans' Administration, but was told that hospitalization was not necessary. About two weeks later Collins visited a private physician. An operation was advised, and when this operation was performed, it was then discovered that Collins was suffering from incurable cancer. Up to the time of his death on April 20, 1948, Collins did not know the exact nature of his disability.

On February 12, 1948, about two months before his death, Collins filed an application for disability pension. After his death, the Government, through the Veterans' Administration, awarded a service-connected disability pension retroactive to January 29, 1947.

The Government relies upon Pence v. United States, 316 U.S. 332, 62 S.Ct. 1080, 86 L.Ed. 1510. In our view, the Pence case can be distinguished. There the insured was a physician and medical officer. On two occasions he permitted his policy to lapse. Pence categorically denied he ever had been treated for any disease of the throat, heart or stomach. He also denied he had consulted any physician since the date of the lapses of his policy. However, in an application for compensation, Pence stated an army doctor had advised him that his heart was shot; he also gave a history of treatment by one physician for sinusitis and myocarditis, and by four others for sinusitis alone. The majority of the Supreme Court considered the relationship of Pence's education as a doctor and the treatment which he admitted he had received, and concluded that Pence ought to have known his physical condition at the time when his policy was reinstated. The majority thought that such admissions constituted a case so overwhelmingly in favor of the Government that a directed verdict was justified. However,

three of the Justices were of the view that the issue of fraud should, nevertheless, have been submitted to the jury.

The case at bar is much closer to Cardwell v. United States, 5 Cir., 186 F.2d 382, and United States v. Thompson, 93 U.S.App.D.C. 231, 210 F.2d 724. In Cardwell, the insurance policy was reinstated in October, 1947. It appeared the insured had, prior to said date, consulted with Dr. Beale on several occasions, complaining of pain in the abdomen and loss of weight. The doctor concluded that the distress was due to nervousness of the insured. Cardwell also consulted a Dr. Smith who likewise concluded there was nothing wrong. In 1948, the insured became ill and a private physician advised an operation for appendicitis. The operation disclosed a cancer of the bowel from which the insured died. The District Court directed a verdict for the Government, but the Court of Appeals reversed, holding that the question of insured's fraud was for the jury and not for the Court.

In Wilkerson v. McCarthy, 336 U.S. 53, on page 60, 69 S.Ct. 413, on page 416, 93 L.Ed. 497, the Court said: "While this left only a very narrow conflict in the evidence, it was for the jury, not the court, to resolve the conflict." We think in the case at bar, the question of fraud was an issue for the jury. It is our view that the District Court was in error in vacating the judgment it had theretofore ordered in favor of plaintiff. Such judgment should be reinstated.

Reversed.